**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **SPST Holdings, LLC** |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names |

| | |
|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-3059027** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |

**300 S. Tyron Street
Suite 1210
Charlotte, NC 28202**
Number, Street, City, State & ZIP Code

P.O. Box, Number, Street, City, State & ZIP Code

**Mecklenburg**
County

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | |
|---|---|
| 5. | **Debtor's website** (URL) |

| | |
|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership (excluding LLP) <br><br> ☐ Other. Specify: |

Debtor  **SPST Holdings, LLC**                                                      Case number (*if known*) _____

Name

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5511

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☑ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.

| District | When | Case number |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes

| Debtor | SMARTOURS, LLC | Relationship | Affiliate |
|---|---|---|---|
| District | Delaware | When | Case number, if known |

---

| Debtor | **SPST Holdings, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **SPST Holdings, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **October 19, 2020**
MM / DD / YYYY

**X** **/s/ Christine Petersen**                                **Christine Petersen**
Signature of authorized representative of debtor          Printed name

Title    **Chief Executive Officer**

**18. Signature of attorney**

**X** **/s/ Christopher P. Simon**                         Date **October  19, 2020**
Signature of attorney for debtor                                  MM / DD / YYYY

**Christopher P. Simon**
Printed name

**Cross & Simon, LLC**
Firm name

**1105 North Market Street, Suite 901**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 777-4200**    Email address   **csimon@crosslaw.com**

**Delaware 3697**
Bar number and State

---

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 4

## WRITTEN CONSENT OF THE BOARD OF MANAGERS OF
## SPST HOLDINGS, LLC

October 18, 2020

The undersigned, being the members of the Board of Managers (the "Managers") of SPST Holdings, LLC, a Delaware limited liability company ("SPST Holdings"), in lieu of holding a meeting of the Board of Managers, hereby takes the following actions and adopts the following resolutions by written consent pursuant to the laws of the state of Delaware:

**WHEREAS**, SPST Holdings is the sole member of smarTours, LLC, a Delaware limited liability company (the "Company"); and

**WHEREAS,** after due consideration, the Managers believe it is desirable and in the best interest of the Company and of SPST Holdings, and in the best interests of their respective creditors, members, and other interested parties, that voluntary petitions be filed by each of SPST Holdings and the Company seeking relief under the provisions of chapter 11 of title 11, United States Code (each, a "Chapter 11 Case" and together, the "Chapter 11 Cases"), 11 U.S.C. §§101 et seq. (the "Bankruptcy Code"); it is hereby

**RESOLVED,** that Christine Petersen, the Chief Executive Officer of both SPST Holdings and the Company (the "Chief Executive Officer"), and any and all other officers of SPST Holdings and/or the Company, as applicable, that are otherwise authorized by the Chief Executive Officer (each, an "Authorized Signatories") be, and each of them hereby are, authorized and empowered, on behalf of and in the name of SPST Holdings and the Company, to commence a Chapter 11 Case for each of SPST Holdings and the Company by executing and filing voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as the Managers shall determine, and it is further

**RESOLVED,** that the Authorized Signatories be, and each of them hereby are, authorized, on behalf of and in the name of SPST Holdings and the Company, to execute and file all petitions, schedules, lists and other papers and to take any and all actions which they may deem necessary or proper in the Chapter 11 Cases; and it is further

**RESOLVED,** that the Authorized Signatories be, and each of them hereby are, authorized and directed, on behalf of and in the name of the

Company and of SPST Holdings (collectively, the "Debtors"), to retain the law firm of Nixon Peabody LLP as bankruptcy and reorganization counsel to the Debtors; and it is further

**RESOLVED,** that the Authorized Signatories be, and each of them hereby are, authorized and directed, on behalf of and in the name of each of the Debtors, to retain the law firm of Cross & Simon, LLC as local Delaware bankruptcy and reorganization counsel to the Debtors; and it is further

**RESOLVED,** that the Authorized Signatories be, and each of them hereby are, authorized and directed, on behalf of and in the name of each of the Debtors, to retain Ariste Advisors LLC as financial advisor to the Debtors; and it is further

**RESOLVED,** that the Authorized Signatories be, and each of them hereby are, authorized and directed, on behalf of and in the name of each of the Debtors, to retain Prime Clerk LLC as claims, noticing, solicitation, and administrative agent to the Debtors; and it is further

**RESOLVED,** that the Authorized Signatories, on behalf of each of the Debtors, be, and each of them hereby are, authorized and empowered to retain and employ any other attorneys, investment bankers, accountants, restructuring professionals, financial advisors and other professionals to assist the Debtors in the Chapter 11 Cases on such terms as are deemed necessary, proper or desirable; and it is further

**RESOLVED**, that the Debtors will obtain benefits from: (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Credit Agreement, dated as of October 31, 2017 (as amended, the "Prepetition Credit Agreement"), among the Company, as borrower, SPST Holdings, as the parent guarantor, First Eagle Alternative Capital Agent, Inc., formerly known as THL Corporate Finance, Inc., as administrative agent (in that capacity, the "Prepetition Agent"), and certain banks and financial institutions party thereto as lenders, and (b) the incurrence of debtor-in-possession financing (the "DIP Financing") obligations by entering into that certain Debtor-in-Possession Delayed Draw Term Loan Promissory Note (the "DIP Note"); and it is further

**RESOLVED,** that in order to use and obtain the benefits of the (a) DIP Financing and (b) Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Debtors will provide certain adequate protection to the Secured Lenders (the "Adequate Protection

Obligations"), as documented in proposed interim and final orders (the "DIP Orders") to be submitted for approval to the Bankruptcy Court; and it is further

**RESOLVED,** that the form, terms, and provisions of the DIP Orders to which the Debtors are or will be subject and the actions and transactions contemplated thereby are authorized, adopted, and approved, and the Authorized Signatories are authorized and empowered, in the name of and on behalf of each of the Debtors, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order and the DIP Note, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Debtors are or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Order and the DIP Note the "DIP Documents"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Managers, with such changes, additions, and modifications thereto as the Authorized Signatories executing the same shall approve, such approval to be conclusively evidenced by such Authorized Signatories' execution and delivery thereof; and it is further

**RESOLVED**, that the Debtors, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations (as defined in the DIP Documents), and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on substantially all of their assets to secure such obligations; and it is further

**RESOLVED**, that the Authorized Signatories are authorized and directed, and each of them acting alone is authorized, directed, and empowered in the name of, and on behalf of, each of the Debtors, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, fee letters, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agent under the DIP Financing (the "DIP Agent"); and (c) such forms of account control agreements, lockbox agreements, landlord agreements, collateral access agreements, officer's certificates, and compliance certificates as may be required by the DIP

Documents (clauses (a) through (c) of this paragraph, collectively, the "DIP Financing Documents"); and it is further

**RESOLVED**, that each of the Authorized Signatories of the Debtors is authorized, directed, and empowered in the name of, and on behalf of, each of the Debtors to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Debtors in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Debtors' obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

**RESOLVED,** that in the business judgment of the Board of Managers and based on recommendations from the Debtor's management and advisors, it is desirable and in the best interests of the Debtors, their equity holder, their creditors, and other parties in interest to file that a chapter 11 plan (as it may be amended, supplemented or modified, the "Plan") and that any further negotiation and documentation of the Plan are hereby, in all respects, authorized, approved and ratified and it is further

**RESOLVED,** that the Authorized Signatories of the Debtors be, and each of them hereby are respectively authorized and empowered to cause the Debtors to enter into, execute, deliver, certify, file, record and/or perform, such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates and other such documents and take any such actions as are, in their judgment, necessary, proper or desirable to prosecute the Chapter 11 Cases and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED,** that any and all past actions heretofore taken by officers of the Company and/or SPST Holdings, and the Board of Managers, in the name of an on behalf of the Company and/or SPST Holdings, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, approved and adopted.

[signature page follows]

**IN WITNESS WHEREOF,** the undersigned members of the Board of Managers of SPST Holdings, LLC have executed this Written Consent as of the date first written above.

**SPST HOLDINGS, LLC**

By: _~Robert G. Calton~_____
Robert G. Calton III
Chairman, Board of Managers

**SPST HOLDINGS, LLC**

By: _____
James Johnson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Jason Carlock
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Philip Wolf
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Bradley Wilson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Robert Harris
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Christine Petersen
President and Chief Executive Officer

4827-2179-0155

**IN WITNESS WHEREOF,** the undersigned members of the Board of Managers of SPST Holdings, LLC have executed this Written Consent as of the date first written above.

**SPST HOLDINGS, LLC**

By: _____
Robert G. Calton III
Chairman, Board of Managers

**SPST HOLDINGS, LLC**

By: _____
James Johnson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Jason Carlock
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Philip Wolf
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Bradley Wilson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Robert Harris
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Christine Petersen
President and Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned members of the Board of Managers of SPST Holdings, LLC have executed this Written Consent as of the date first written above.

**SPST HOLDINGS, LLC**

By: _____
Robert G. Calton III
Chairman, Board of Managers

**SPST HOLDINGS, LLC**

By: _____
James Johnson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Jason Carlock
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Philip Wolf
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Bradley Wilson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Robert Harris
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Christine Petersen
President and Chief Executive Officer

4827-2179-0135

**IN WITNESS WHEREOF,** the undersigned members of the Board of Managers of SPST Holdings, LLC have executed this Written Consent as of the date first written above.

**SPST HOLDINGS, LLC**

By: _____
Robert G. Calton III
Chairman, Board of Managers

**SPST HOLDINGS, LLC**

By: _____
James Johnson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Jason Carlock
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Philip Wolf
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Bradley Wilson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Robert Harris
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Christine Petersen
President and Chief Executive Officer

**IN WITNESS WHEREOF,** the undersigned members of the Board of Managers of SPST Holdings, LLC have executed this Written Consent as of the date first written above.

**SPST HOLDINGS, LLC**

By: _____
Robert G. Calton III
Chairman, Board of Managers

**SPST HOLDINGS, LLC**

By: _____
James Johnson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Jason Carlock
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Philip Wolf
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Bradley Wilson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Robert Harris
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Christine Petersen
President and Chief Executive Officer

4827-2179-0155

**IN WITNESS WHEREOF,** the undersigned members of the Board of Managers of SPST Holdings, LLC have executed this Written Consent as of the date first written above.

**SPST HOLDINGS, LLC**

By: _____
Robert G. Calton III
Chairman, Board of Managers

**SPST HOLDINGS, LLC**

By: _____
James Johnson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Jason Carlock
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Philip Wolf
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Bradley Wilson
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Robert Harris
Managing Member

**SPST HOLDINGS, LLC**

By: _____
Christine Petersen
President and Chief Executive Officer

4827-2179-0155

**IN WITNESS WHEREOF,** the undersigned members of the Board of Managers of SPST Holdings, LLC have executed this Written Consent as of the date first written above.

**SPST HOLDINGS, LLC**

By: _____
Robert G. Calton III
Chairman, Board of Managers


**SPST HOLDINGS, LLC**

By: _____
James Johnson
Managing Member


**SPST HOLDINGS, LLC**

By: _____
Jason Carlock
Managing Member


**SPST HOLDINGS, LLC**

By: _____
Philip Wolf
Managing Member


**SPST HOLDINGS, LLC**

By: _____
Bradley Wilson
Managing Member


**SPST HOLDINGS, LLC**

By: _____
Robert Harris
Managing Member


**SPST HOLDINGS, LLC**

By: _____
Christine Petersen
President and Chief Executive Officer

4827-2179-0155

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                             :    Chapter 11
In re:                                       :
                                             :    Case No. 20-_____ (___)
SPST HOLDINGS, LLC,                          :
                                             :
                 Debtor.¹                    :
------------------------------------------------------------x
```

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

SPST Holdings, LLC (the "Debtor") certifies that the Debtor is a privately held Delaware limited

liability company and the holders of the Debtor's equity securities are:

| Name | Address | Class of Shares | Amount of Shares |
|---|---|---|---|
| SPST Investors, LLC | 300 S. Tryon Street, Suite 1210, Charlotte, NC 28209 | Class A | 29,750,000 |
| Greg Geronemus | 77 Warren Place, Montclair, NJ 07042 | Class A | 1,000,000 |
| David Rosner | 77 Warren Place, Montclair, NJ 07042 | Class A | 1,000,000 |
| First Eagle Alternative Capital Agent, Inc. | 500 Boylston Street, Suite 1200, Boston, MA, 02116 | Class A | 1,000,000 |
| Christine Petersen | 325 North End Avenue, Apt. 16P, New York, NY 10282 | Class A | 500,000 |
| Robert Harris | 516 East Kingston Avenue, Charlotte, NC 28203 | Class A | 100,000 |
| Justin Mitchell | 97 Bruce Park Avenue, Apt. 2C, Greenwich, CT 06830 | Class A | 20,000 |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned signatory of the Debtor, declare under penalty of perjury that I have

reviewed the corporate ownership statement submitted herewith and that it is true and correct to

the best of my information and belief.

Dated:  October 19, 2020

/s/ Christine Petersen
Christine Petersen
Authorized Person

---

[1]    The last four digits the Debtor's tax identification number is 9027.

**Fill in this information to identify the case:**

Debtor name: SPST Holdings, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known):  _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1    SPP Management Services Attn: Bob Calton 300 S. Tryon Street Charlotte, NC 28202 | SPP Management Services Attn: Bob Calton PHONE: 704-654-3400 FAX: (704) 927-4376 EMAIL: Bcalton@summitparkllc.com | Sponsor management fee | | | | $292,415.62 |

**Fill in this information to identify the case and this filing:**

Debtor Name    SPST Holdings, LLC

United States Bankruptcy Court for the: _____ District of  Delaware
                                                                                    (State)

Case number (*If known*):    _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10/19/2020             ✗  *Christine Petersen*
                      MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                                          Christine Petersen
                                                          Printed name

                                                          President and Chief Executive Officer
                                                          Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
                                        :   Chapter 11
In re:                                  :
                                        :   Case No. 20-_____ (___)
SPST HOLDINGS, LLC, et al,              :
                                        :
                Debtor.                 :   Joint Administration Requested
-------------------------------------------------------------x
```

## CERTIFICATION OF DEBTORS' CREDITOR MATRIX

In accordance with Rule 1007(a) of the Federal Rules of Bankruptcy Procedure and Rule 1007-2(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), a list of creditors (the "Creditor Matrix") of SPST Holdings, LLC (the "Debtor") is filed by attachment hereto.

The Creditor Matrix has been prepared from the Debtor's books and records. The undersigned, Christine Petersen, President and Chief Executive Officer, hereby certifies that the Creditor Matrix contains the names and addresses of all creditors of the Debtor that could be ascertained after diligent inquiry, based on a review of the Debtor's books and records and is consistent with the information contained therein. To the extent practicable, the Creditor Matrix complies with Local Rule 1007-1(a). The Debtors reserve the right to amend or supplement the Creditor Matrix as necessary.

Although the information contained in the Creditor Matrix is based on a review of the Debtor's books and records, the Debtor has not completed a comprehensive legal and/or factual investigation with regard to possible defenses of the Debtor and its estats to any claims of the potential claimants included in the Creditor Matrix. In addition, certain of the parties included in the Creditor Matrix may not hold outstanding claims as of the date hereof, and therefore may not

be creditors of the Debtor and its estate for purposes of these chapter 11 cases.  Therefore, the Creditor Matrix does not and should not be deemed or otherwise construed to constitute either (i) a waiver of any defense of the Debtor and its estates to any claims that may be asserted against the Debtor and its estates or (ii) an acknowledgement or admission of the validity, priority or amount of any claims that may be asserted against the Debtor and its estates.

October 19, 2020

*/s/*  Christine Petersen
Christine Petersen
Chief Executive Officer

SPST Holdings, LLC
Creditor Matrix

| NAME | ADDRESS1 | ADDRESS2 | ADDRESS3 | CITY | STATE | POSTALCODE |
|---|---|---|---|---|---|---|
| SPST Investors, LLC | Robert Calton | 300 S. Tryon Street | Suite 1210 | Charlotte | NC | 28202 |
| Greg Geronemus | Address on File | | | | | |
| David Rosner | Address on File | | | | | |
| First Eagle Alternative Capital Agent, Inc. | Michelle Handy | 500 Boylston Street | Suite 1200 | Boston | MA | 02116 |
| Robert Harris | Address on File | | | | | |
| Jay Wiley | Address on File | | | | | |
| Justin Mitchell | Address on File | | | | | |
| Christine Petersen | Address on File | | | | | |
| Bradley Wilson | Address on File | | | | | |
| Philip Wolf | Address on File | | | | | |
| Jason Carlock | Address on File | | | | | |
| Kendra Guild | Address on File | | | | | |
| Elyse Lindsey | Address on File | | | | | |
| Suzanne Anderson | Address on File | | | | | |